IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE F.B.I., WARDEN HEDGPETH,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 07-0507 LJO WMW<br><br>**ORDER ON DEFENDANT'S ALTERNATIVE MOTIONS TO DISMISS AND FOR JUDGMENT ON PLEADINGS AND ON PLAINTIFF'S MOTIONS**<br>(Docs. 21, 23, 24.) |

**INTRODUCTION**

Defendant Federal Bureau of Investigation ("FBI") seeks F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6) dismissal of pro se state prisoner James E. Smith ("Mr. Smith's") claims under the All Writs Act, 28 U.S.C. § 1651, and Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq., in that this Court lacks jurisdiction as to state proceedings subject to Mr. Smith's claims and Mr. Smith has failed to exhaust FOIA administrative requirements. The FBI pursues an alternative F.R.Civ.P. 12(c) motion for judgment on the pleadings in that Mr. Smith's operative pleading fails to state a viable claim against the FBI. Mr. Smith filed no timely opposition to the FBI's alternative motions to dismiss and for judgment on the pleadings. This Court considered the FBI's alternative motions to dismiss and for judgment on the pleadings, pursuant to this Court's Local Rule 78-230(m). For the reasons discussed below, this Court DISMISSES with prejudice this action against the FBI.

**BACKGROUND**

Mr. Smith is California prisoner incarcerated in Kern Valley State Prison. On March 23, 2007, Mr. Smith filed his petition to name as defendants the FBI and Warden Hedgpeth to seek "legal certified documents to ascertain proper information regarding his present commitment and his money." The petition further seeks this Court's declaration that defendants violated Mr. Smith's FOIA rights and unspecified injunctive relief and damages.

The petition fails to allege that: (1) the FBI participated in Mr. Smith's prosecution and incarceration; (2) Mr. Smith exhausted FOIA remedies; or (3) the FBI possesses or controls relevant documents. The FBI has not received a FOIA request from Mr. Smith.

The FBI seeks dismissal on grounds that this Court lacks subject matter jurisdiction over a federal agency as to state proceedings and in the absence of FOIA administrative exhaustion.

**DISCUSSION**

**F.R.Civ.P. 12(b)(1) Motion to Dismiss Standards**

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.[1]

A F.R.Civ.P. 12(b)(1) attack on jurisdiction may be facial to confine inquiry to the complaint's allegations, or factual to permit a court to look beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-1040, n. 2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.*

---

[1] "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

2

*v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 210 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In addition, a court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### F.R.Civ.P. 12(c) Motion For Judgment On The Pleadings

F.R.Civ.P. 12(c) authorizes a motion for judgment on the pleadings: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled

1  to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).

2  A F.R.Civ.P. 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).

7  The standards for deciding F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(c) motions are the same. *Great Plains Trust v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313, n. 8 (5th Cir. 2002). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes*, 278 F.3d at 420.

11 With these standards in mind, this Court turns to the merits of the FBI's alternative F.R.Civ.P. 12 motions.

### The All Writs Act

14 28 U.S.C. § 1651 provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under 28 U.S.C. § 1361, this Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, 28 U.S.C. § 1361 does not provide an independent ground for jurisdiction. *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 459, n. 18 (9th Cir. 1977).

21 "The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984)). "[W]rit power should be invoked only in extraordinary situations . . ., i.e., only in limited circumstances where a party seeking issuance has no other adequate means to attain the desired relief and establishes that the right to the writ is clear and indisputable." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3rd Cir. 1995). If a party seeking a writ meets "these prerequisites", "issuance of the writ is a matter of discretion." *Glenmede Trust*, 56 F.3d at 482.

The FBI faults the petition's failure to allege an FBI duty to obtain Mr. Smith's California prison records. The FBI argues that as a federal agency, it lacks a duty to maintain Mr. Smith's California prison records.

The petition fails to establish this Court's jurisdiction to compel the FBI to obtain for Mr. Smith his California prison records. The petition fails to establish that the FBI has a relationship with Mr. Smith's criminal investigation, prosecution and incarceration. The petition fails to allege that the FBI bears a duty to maintain and produce requested records and facts to support such duty. No facts are apparent to cure the petition's jurisdictional deficiencies.

## FOIA Administrative Exhaustion

FOIA provides "a statutory right of public access to documents and records held by federal government agencies." *Gould, Inc. v. General Services Admin.*, 688 F.Supp. 689, 693 (D.D.C. 1988). "FOIA vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139, 100 S.Ct. 960, 963 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A).

"[F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F.Supp.2d 111, 112 (D.D.C. 2001). Prior to seeking judicial review, a records requester must exhaust his/her administrative remedies, including filing a proper FOIA request. *Sands v. United States*, 1995 WL 552308, *3 (S.D. Fla. 1995); *see Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). If a records requester fails to exhaust administrative remedies, the lawsuit may be dismissed for lack of subject matter jurisdiction. *Heyman v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987); *Judicial Watch*, 160 F.Supp.2d at 112 ("Where plaintiff has failed to exhaust its administrative remedies prior to filing with the court, the case is subject to dismissal for lack of subject matter jurisdiction.") "The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in the administrative process." *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969).

The FBI notes that a FOIA requester must direct his/her request to a federal agency subject to FOIA and that FOIA does not apply to state agencies. *See Beard v. Dept. of Justice*, 917 F.Supp. 61, 63 (D.D.C. 1996) ("Requiring the FBI to disclose confidential documents received from local law enforcement agencies would injure the ongoing important relationships between federal and local law enforcement agencies.") The FBI further notes that a records requester must seek federal "agency records." For requested materials to qualify as "agency records," "an agency must 'either create or obtain' the requested materials" and "the agency must be in control of the requested materials at the time the FOIA request is made." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-145, 109 S.Ct. 2841, 2848 (1989); *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 479 (2nd Cir. 1999). "When an agency has demonstrated that it has not 'withheld' requested records in violation of the standards established by Congress, the federal courts have no authority to order the production of such records under the FOIA." *Kissinger*, 445 U.S. at 139, 100 S.Ct. at 963.

FOIA does not require an agency to create records that do not exist. *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984); *see Borom v. Crawford*, 651 F.2d 500 (7th Cir.1981). "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." *Sands*, 1995 WL 552308, *5 (citing *Hudgins v. Internal Revenue Service*, 620 F.Supp 19, 21 (D.D.C. 1985)). "FOIA creates a right of access to records, not a right to personal services." *Sands*, 1995 WL 552308, *5 (citing *Hudgins v. Internal Revenue Service*, 620 F.Supp 19, 21 (D.D.C. 1985)).

The FBI correctly notes that the petition fails to state a prima facie case of a FOIA violation or a claim against the FBI. The petition lacks allegations that the FBI has pertinent records or that Mr. Smith made a full and proper FOIA request. This Court lacks jurisdiction over Mr. Smith's claims in absence of exhaustion of FOIA requirements. This Court lacks authority to order the FBI to produce records which it has demonstrated that it has not withheld. The FBI correctly notes that Mr. Smith should direct his request to the California Department of Corrections.

### CONCLUSION AND ORDER

For the reasons discussed above, the FBI is entitled to F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6) dismissal. No facts are apparent to resuscitate Mr. Smith's claims against the FBI. On the basis

of good cause, this Court:

1. DISMISSES with prejudice this action against defendant Federal Bureau of Investigation; and

2. DIRECTS the clerk to enter judgment in favor of defendant Federal Bureau of Investigation and against plaintiff James E. Smith.

Moreover, this Court DENIES relief sought by Mr. Smith's papers (Docs. 23 and 24) filed on January 9, 2008. This Court construes the papers to seek an attorney fees award and to designate this action as a class action. Mr. Smith's papers fail to establish legal or factual grounds to support requested relief.

IT IS SO ORDERED.

**Dated:   January 10, 2008**        /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE