IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

        Plaintiff,               CV F 07 0507 LJO WMW HC

  vs.                             FINDINGS AND RECOMMENDATION

WARDEN HEDGPETH,

        Respondent.

      This action was initiated by a petition for writ of habeas corpus filed by petitioner on February 23, 2007.  Petitioner, an inmate in the custody of the California Department of Corrections and Rehabilitation  names as respondents Warden Hedgpeth and the Federal Bureau of Investigation.  On January 10, 2008, an order was entered, dismissing Respondent FBI with prejudice.  Warden Hedgpeth is the sole remaining Respondent.

      In his petition, Smith seeks information regarding "legal certified documents to ascertain proper information regarding his present commitment and his money."  Petitioner alleges that prison officials have refused his requests for information.   Respondent has filed an answer to the petition.  Petitioner filed a traverse.

      On November 27, 2005, Petitioner filed an administrative appeal with Kern Valley prison officials, claiming that he was being illegally confined and that he would have been released in

1

2000 but for a calculation error. (Respondent's Exhibit 3 at 1, 3). Prison officials replied to Petitioner's complaint, explaining why he was still incarcerated and attaching documents establishing the legality of his commitment, including his Abstract of Judgment, Legal Status Summary, and a Calculation Worksheet for Indeterminate (ISL) Cases. Respondent's Exhibit 2, page 10, specifically informed Petitioner that

> A thorough review of your C-file has been conducted and no errors were found. All legal documents are in order and your release date is correct. You were sentenced by San Mateo County Superior Court in February 8, 1999. Your sentence is 25 years to life plus a determinate term of 3 years. The court sentenced you pursuant to Penal Code 1170.12 A-D (Three Strikes Law). You were received into California Department of Corrections and Rehabilitation (CDCR) to begin your term on February 26, 1999. CDCR applies your term as ordered by the court. If you feel your sentence is in error, you must contact the court for correction. Modification of your term will only occur if CDCR receives new or amended orders from the court.

Petitioner also contends that he is not being provided information regarding his inmate trust account. Respondent's Exhibit 4, page 1, is a copy of an inmate grievance filed by Petitioner regarding that issue. Pages 3-16 of Exhibit 4 are copies of the trust account statements provided to Petitioner in response to his request. Exhibit 6 are copies of General Chronos, indicating that prison officials have repeatedly delivered certified trust account documents to Petitioner.

In his traverse, Petitioner merely restates the allegations in the petition. Petitioner does not address Respondent's argument - that the petition should be denied on the ground that prison officials have provided the information to Petitioner. Petitioner attaches a memorandum of points and authorities, setting forth legal arguments that are inapplicable to this case.

Petitioner has also filed a document titled as "emergency motion for access to the court: law library use." In this 2 page document, Petitioner essential restates the claims made in the petition. He makes generalized allegations that prison officials have not provide him with legal certification of his conviction. Petitioner also complains that he is not being provided

documentation regarding his money. Because Petitioner's request sets forth claims duplicative of the petition, it should be denied, as the petition is without merit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be denied; and

2. Petitioner's motion for access to the court and law library be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 19, 2008**          /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE